IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KOYO LICENSING LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Koyo Licensing LLC ("Koyo" or "Plaintiff") files this original Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively, "Samsung" or "Defendants") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Koyo is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 505 East Travis Street, Suite 114, Marshall, Texas 75670.

2. Upon information and belief, Defendant Samsung Electronics is a corporation duly organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-ro, Yeongtonggu, Suwon, Gyeonggi-Do, 443-742, Republic of Korea, and may be served pursuant to the provisions of the Hague Convention. Samsung Electronics is a leading manufacturer and seller of smart phones and tablets in the world and in the United States. Upon information and belief, Samsung Electronics directly or through intermediaries, places its products

and/or services, including those accused herein of infringement, into the stream of commerce which terminates in the Judicial District of the Eastern District of Texas.

3. Upon information and belief, Defendant Samsung Electronics America is a corporation organized and existing under the laws of the State of New York. On information and belief, Samsung Electronics America, collectively with Samsung Electronics, is involved in the design, manufacture, use, offering for sale and/or sales of smart devices, such as smart phones and tablets, including the Accused Products as defined below. Defendant Samsung Electronics America maintains facilities at 6625 Excellence Way, Plano, Texas 75023, where it has employees. Samsung Electronics America may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Samsung Electronics America is a wholly owned subsidiary of Samsung Electronics.

4. Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint throughout the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; AT&T Store, 1712 East Grand Avenue, Marshall, Texas 75670; Sprint Store, 1806 East End Boulevard North, Suite 100, Marshall, Texas 75670; TMobile, 900 East End Boulevard North, Suite 100, Marshall, Texas 75670; Verizon authorized retailers, including Russell Cellular, 1111 East Grand Avenue, Marshall, Texas 75670; Victra, 1006 East End Boulevard North, Marshall, Texas 75670; and Cricket Wireless authorized retailer, 120 East End Boulevard South, Marshall, Texas 75670.

5. The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against Defendants jointly and severally arises out of the same series of transactions or occurrences relating to the making, using, offering to sell, selling and importing of

the same products. Additionally, questions of fact common to all Defendants will arise in this action.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

7. This Court has specific and personal jurisdiction over the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, the Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, the Defendants have, directly or through subsidiaries or intermediaries, committed and continue to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. For example, on information and belief, the Accused Products are available for purchase in this Judicial District.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b) because, among other things, Samsung Electronics is not a resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3), including in the Eastern District of Texas. Indeed, Defendants recently filed a complaint for patent infringement in this Judicial District alleging proper venue over a foreign defendant for the same reasons. *See Samsung Electronics Co. Ltd. v. Oura Health Oy*, No. 2:25-cv-01181-JRG-RSP, Dkt. 1 at ¶ 18 (E.D. Tex. Dec. 1, 2025). Other Samsung affiliates have recently filed patent infringement suits in this Judicial District alleging proper venue based on facts similar to those conferring proper

venue in this case. *See, e.g., Samsung Display Co., Ltd. v. BOE Tech. Grp. Co., Ltd.*, No. 2:25-cv-00426-JRG-RSP (E.D. Tex. Apr. 21, 2025).

9. Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because at least Samsung Electronics America maintains a regular and established place of business in this judicial district at 6625 Excellence Way, Plano, Texas 75023. Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because the Defendants are subject to personal jurisdiction in this Judicial District and have committed acts of patent infringement in this Judicial District. On information and belief, the Defendants through their own acts and/or through the acts of each other Defendant, make, use, sell, and/or offer to sell infringing products within this Judicial District, regularly do and solicit business in this Judicial District, and have the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

10. Defendants have not contested venue in this District in previous cases. *See, e.g.*, Answer ¶ 10, *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-333, Dkt. 43 (E.D. Tex. Apr. 27, 2020); Answer ¶ 29, *Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 2:19-cv-347, Dkt. 14 (E.D. Tex. Feb. 12, 2020).

**PATENTS-IN-SUIT**

11. On August 25, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,116,598 entitled "USER INTERFACE FOR USE IN COMPUTING DEVICE WITH SENSITIVE DISPLAY" ("the '598 Patent"). A true and correct copy of the '598 Patent is attached hereto as Exhibit A.

12. On April 6, 2021, the USPTO duly and legally issued U.S. Patent No. 10,969,930 entitled "USER INTERFACE FOR USE IN COMPUTING DEVICE WITH SENSITIVE

DISPLAY" ("the '930 Patent").  A true and correct copy of the '930 Patent is attached hereto as Exhibit B.

13. Koyo is the sole and exclusive owner of all right, title, and interest in the '598 and '930 Patents (collectively, the "Patents-in-Suit"), and it holds the exclusive right to take all actions necessary to enforce its rights in and to the Patents-in-Suit, including the filing of this patent infringement action. Koyo also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

14. Koyo has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

15. The technologies described in the Patents-in-Suit were developed by Koji Yoden and relate generally to the use of a sensitive display of a personal computing device (e.g., touchscreens of smartphones and tablets) to display content or other items in response to the detection of a user object (such as a stylus) hovering over the sensitive display, and to the use of a sensitive display as a control for browsing and accessing content on an external display, such as a monitor or television.

16. Defendants have infringed and continue to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including but not limited to, smart phones and tablets that are S-Pen compatible, including but not limited to the Galaxy S Ultra series (S21–S25 Ultra); Galaxy Note Series (Note 8–Note 10 and Note 20 series); Galaxy Z Fold Series (Z Fold 2–Z Fold 6); Galaxy Tab S Series (Tab S4, S5e, and S6–S11 and their Plus and Ultra variants); Galaxy Tab FE Series (Tab S7 FE–Tab S11 FE); and Galaxy Tab Active Series (Tab Active Pro, Tab Active

3, Tab Active 4 Pro, and Tab Active 5) and any other of Defendants' devices within these same product families (collectively, the "Accused Products"), all of which are pre-configured or adapted with the Android operating system. Any of the Accused Products is representative of the others with respect to infringement as all Accused Products operate in a similar fashion relevant to the claims of the Patents-in-Suit.

## COUNT I
### (Infringement of the '598 Patent)

17. Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

18. Koyo has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '598 Patent.

19. Defendants have and continue to directly and/or indirectly infringe one or more claims of the '598 Patent, including without limitation, claim 1 of the '598 Patent.

20. Defendants have and continue to directly infringe the '598 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '598 Patent.

21. Defendants have and continue to indirectly infringe one or more claims of the '598 Patent by knowingly and intentionally inducing others, including but not limited to, Defendants' customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '598 Patent.

22. Defendants indirectly infringe one or more claims of the '598 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Defendants' customers and end-users, in this Judicial District and elsewhere in the United States. For example, Defendants'

customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '598 Patent. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use Accused Products and directly infringe the '598 Patent in a way Defendants intend. Upon information and belief, Defendants perform these affirmative acts with knowledge of the '598 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '598 Patent.

23. Defendants indirectly infringe one or more claims of the '598 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this Judicial District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '598 Patent is directly infringed by others. The accused components within the Accused Products are material to the inventions of the '598 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '598 Patent. Defendants perform these affirmative acts with knowledge of the '598 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '598 Patent.

24. A preliminary chart mapping the elements of claim 1 of the '598 Patent to a representative Accused Product is attached hereto as Exhibit C.

25. Koyo has suffered damages as a result of Defendants' direct and indirect infringement of the '598 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

26. Koyo has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '598 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '930 Patent)

27. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

28. Koyo has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '930 Patent.

29. Defendants have and continue to directly and/or indirectly infringe one or more claims of the '930 Patent, including without limitation, claim 8 of the '930 Patent.

30. Defendants have and continue to directly infringe the '930 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '930 Patent.

31. Defendants have and continue to indirectly infringe one or more claims of the '930 Patent by knowingly and intentionally inducing others, including but not limited to, Defendants' customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '930 Patent.

32. Defendants indirectly infringe one or more claims of the '930 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Defendants' customers and end-users, in this Judicial District and elsewhere in the United States. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '930 Patent. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use Accused Products and directly infringe the '930 Patent in a way Defendants intend. Upon information and belief, Defendants perform these affirmative acts with knowledge of the '930 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '930 Patent.

33. Defendants indirectly infringe one or more claims of the '930 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this Judicial District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '930 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '930 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be especially made or adapted for use in the infringement of the '930 Patent. Defendants perform these affirmative acts with

knowledge of the '930 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '930 Patent.

34. A preliminary chart mapping the elements of claim 8 of the '930 Patent to a representative Accused Product is attached hereto as Exhibit D.

35. Koyo has suffered damages as a result of Defendants' direct and indirect infringement of the '930 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

36. Koyo has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '930 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Koyo prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. Entry of judgment declaring that Defendants' infringement of the Patents-in-Suit is willful;

c. An order awarding damages sufficient to compensate Koyo for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or both of the Patents-in-Suit;

e. Entry of judgment declaring that this case is exceptional and awarding Koyo its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

      f.      An accounting for acts of infringement;

      g.      Such other equitable relief which may be requested and to which Koyo is entitled;

and

      h.      Such other and further relief as the Court deems just and proper.


Dated:  December 12, 2025                                   Respectfully submitted,

                                                                  /s/ Bryan N. DeMatteo
                                                                  Bryan N. DeMatteo
                                                                  NY Bar No. 4021267
                                                                 Email: bryan@demfirm.com
                                                                 **DEMATTEO LAW LLC**
                                                                  11028 Harbor Bay Drive
                                                                  Fishers, IN 46040
                                                                  bryan@demfirm.com
                                                                  Phone: 516-816-1571
                                                                  Fax: 732-301-9202

                                                                *Attorney for Plaintiff,*
                                                                 *Koyo Licensing LLC*